UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

F. PATRICIA CALLAHAN,
    Plaintiff,

    V.
                                CIVIL ACTION NO.
                                09-12207-MBB

WELLS FARGO & COMPANY
aka Wells Fargo Bank, N.A.,
Successor in Interest to Wachovia
Corporation, Successor in Interest
to First Union National Bank, N.A., and
WACHOVIA CORPORATION,[1]
    Defendants.

### MEMORANDUM AND ORDER RE:
### MOTION TO DISMISS
### (DOCKET ENTRY # 11)

**November 1, 2010**

**BOWLER, U.S.M.J.**

Pending before this court is a motion to dismiss filed by

defendant Wells Fargo Bank, N.A. ("Wells Fargo").[2] (Docket Entry

# 11). The complaint sets out a breach of contract claim against

Wells Fargo and defendant Wachovia Corporation ("Wachovia")

(collectively: "defendants") and seeks recovery of $88,000 in

---

[1]  The above caption is taken from the caption of the
complaint. Pursuant to Rule 10(a), Fed. R. Civ. P., "The title
of the complaint must name all the parties." See Dorsey v.
Bunkley, 2009 WL 3241639, *4 (D.R.I. Oct. 5, 2009). The caption
names Wells Fargo & Company as the equivalent of Wells Fargo
Bank, N.A.

[2]  The caption and the body of the complaint identify Wells
Fargo & Company as a defendant. (Docket Entry # 2). Wells Fargo
Bank, N.A. filed the motion to dismiss and a corporate disclosure
statement explaining that Wells Fargo Bank, N.A. is the correct
party. (Docket Entry ## 7 & 11).

falsely endorsed checks.   (Docket Entry # 2).   Pro se plaintiff
F. Patricia Callahan ("plaintiff") opposes the motion to dismiss.
(Docket Entry # 14).   On October 21, 2010, this court held a
hearing and took the motion (Docket Entry # 11) under advisement.


PROCEDURAL HISTORY

   Plaintiff filed the complaint against defendants on December
29, 2009, seeking to recover $88,000 paid out on unauthorized
endorsements.[3]   (Docket Entry # 2).   Wells Fargo argues that the
breach of contract claim is subject to dismissal because the
statute of limitations period has expired.   (Docket Entry # 12).

   Plaintiff submits that the complaint provides sufficient
facts to demonstrate a viable breach of contract claim.   (Docket
Entry # 14).   According to plaintiff, the claim is not time
barred because Wells Fargo fraudulently concealed important
information.   (Docket Entry # 14).   Plaintiff argues that this
concealment tolled the limitations period.   (Docket Entry # 14).
Plaintiff also contends that Wells Fargo Bank, N.A. is not the
proper party as identified in the complaint and that the correct
party is Wells Fargo & Company.   (Docket Entry # 14).

   Wells Fargo asserts that plaintiff had notice of the alleged

---

[3]   Plaintiff previously filed this suit in the United States
District Court for the District of Columbia on January 29, 2009,
but it was voluntarily dismissed.   (Docket Entry # 12, Ex. A).
Wachovia was dismissed with prejudice from this prior lawsuit.
(Docket Entry # 12, Ex. B).

breach for a period of time exceeding the six year limitations period even if there was fraudulent concealment.  (Docket Entry # 19).  In addition, Wells Fargo contends that it is the appropriate party to respond to the complaint and filed a corporate disclosure statement to elucidate this point.  (Docket Entry ## 7 & 19).


<u>STANDARD OF REVIEW</u>

When a court considers a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P. ("Rule 12(b)(6)"), it "accept[s] as true all well pleaded facts in the complaint and draw[s] all reasonable inferences in favor of the plaintiffs."  <u>Gargano v. Liberty International Underwriters, Inc.</u>, 572 F.3d 45, 48 (1st Cir. 2009).  "The general rules of pleading require a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  <u>Id.</u>  "This short and plain statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Id.</u>

"To survive a motion to dismiss, the complaint must allege 'a plausible entitlement to relief.'"  <u>Fitzgerald v. Harris</u>, 549 F.3d 46, 52 (1st Cir. 2008).  While "detailed factual allegations" are not required, "a plaintiff's obligation to provide 'grounds' of his 'entitlement for relief' requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." Bell Atlantic v. Twombly, 550 U.S. 554, 555 (2007); accord Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008). Additionally, "a well pleaded complaint may succeed even if . . . actual proof of those facts is improbable." Bell Atlantic v. Twombly, 550 U.S. at 556; see Trans-Spec Truck Service, Inc. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir.), cert. denied, __ U.S. __, 129 S.Ct. 500 (2008).

This court's review is confined to the complaint. In evaluating a Rule 12(b)(6) motion, a court may also "consider 'documents the authenticity of which are not disputed by the parties'" as well as "'documents central to the plaintiffs' claim'" and "'documents sufficiently referred to in the complaint.'" Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007); see also Trans-Spec Truck Service, Inc. v. Caterpillar Inc., 524 F.3d at 321-322; Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

Plaintiff attached multiple exhibits to the complaint. (Docket Entry # 2). It is appropriate to consider the exhibits because each is referenced in and attached to the complaint. Moreover, Wells Fargo had an opportunity to dispute the authenticity of the attached documents in the memorandum supporting the motion to dismiss. (Docket Entry # 12).

Instead of asserting a limitations defense in the answer, Wells Fargo alternatively asserts the defense in the motion to

dismiss.  (Docket Entry # 11).  Nonetheless, it is appropriate to consider the defense under a Rule 12(b)(6) motion.  See, e.g., Corliss v. City of Fall River, 397 F.Supp.2d 260, 263 (D.Mass. 2005); Springfield Library & Museum Ass'n, Inc. v. Knoedler Archivum, Inc., 341 F.Supp.2d 32, 36 (D.Mass. 2004) (allowing consideration of limitations defense in a Rule 12(c) motion); Arkwright Mut. Ins. Co. v. State Street Bank & Trust Co., 703 N.E.2d 217, 219 (Mass. 1998).


                        FACTUAL BACKGROUND

     In 1998, $102,000 was withdrawn from the joint brokerage account owned by plaintiff and her father, who has since died. (Docket Entry # 2).  The account was maintained at the Wellesley office of Dean Witter Reynolds, Inc. ("Dean Witter"), a brokerage firm.  (Docket Entry # 2).  These funds were withdrawn through four checks, each requiring the endorsement of both account owners.  (Docket Entry # 2).  On three of the checks, which were accepted by Fleet Bank ("Fleet"), plaintiff's endorsement was forged.  (Docket Entry # 2, Ex. 1).  On the fourth check, accepted by the Bank of Boston, plaintiff's endorsement was missing.  (Docket Entry # 2, Ex. 1).  All four checks "were Dean Witter checks, drawn on their bank, First Union National Bank"

("First Union").[4]   (Docket Entry # 2, Ex. 1).

During an arbitration proceeding, Dean Witter claimed that it was not responsible or liable for recovering the funds and that plaintiff's proper recourse was against First Union. (Docket Entry # 2, Ex. 7).  Plaintiff sent multiple demand letters and loss recovery forms to First Union requesting recovery of the funds.  (Docket Entry # 2, Ex. 2, 4, 5 & 8). First Union recovered $14,000 from the Bank of Boston on the check lacking plaintiff's endorsement and deposited it back into the joint brokerage account.  (Docket Entry # 2).  Plaintiff continued efforts to recover the remaining $88,000 from Fleet through correspondence with First Union.  (Docket Entry # 2).

On January 29, 2003, First Union sent plaintiff a letter denying the remaining claim of $88,000.  (Docket Entry # 2, Ex. 9).  In no uncertain terms, the letter recommended filing suit against Dean Witter and plaintiff's father to recover the funds. (Docket Entry # 2, Ex. 9).  Another letter from the loss management department of First Union, dated February 3, 2003, reaffirmed the denial of the claim.  (Docket Entry # 2, Ex. 10). Plaintiff remained unconvinced of such denial due to inconsistencies, such as First Union's prior recovery efforts.

---

[4]   First Union was taken over by Wachovia, which was later acquired by Wells Fargo.  (Docket Entry # 2).  Thus, the allegations against First Union are directed against defendants Wells Fargo and Wachovia.

(Docket Entry # 2).  Plaintiff responded to these letters, disputing the findings and rationale of First Union, requesting further explanation and continuing to demand recovery of the funds.  (Docket Entry # 2, Ex. 11, 12 & 15).

On July 16, 2003, plaintiff received a response First Union, now Wachovia, obtained from Fleet in July 1998 stating "that the three checks were being returned unpaid."  (Docket Entry # 2, Ex. 14).  On August 6, 2003, plaintiff received a third letter reaffirming the denial of the claim.  (Docket Entry # 2, Ex. 16). Plaintiff sent a letter to Wachovia on December 18, 2003, reiterating the right to recovery and asserting a new claim of fraudulent concealment.  (Docket Entry # 2, Ex. 17).  Wachovia responded with a letter denying recovery on December 31, 2003, and attaching the three prior letters that notified plaintiff of the denial.  (Docket Entry # 2, Ex. 18).


DISCUSSION

Wells Fargo contends that the claim set forth in the complaint is subject to Rule 12(b)(6) dismissal because it is frivolous and fails to articulate a breach of contract action. (Docket Entry # 12).  The proper defendant to respond to the complaint, Wells Fargo argues, is Wells Fargo Bank, N.A. and not Wells Fargo & Company.  (Docket Entry # 11).  Moreover, Wells Fargo suggests that the allegations in the complaint are time

7

barred.  (Docket Entry # 12).  Accordingly, Wells Fargo argues
that even if the court determines that this is an appropriate
breach of contract action, plaintiff had notice of the breach no
later than February 4, 2003, upon receiving the January 29th
letter denying recovery.  (Docket Entry # 12).  Thus, Wells Fargo
contends the six year statute of limitations had run before
plaintiff filed this action on December 29, 2009.  (Docket Entry
# 12).

A court can identify the proper party to a suit through
analysis and examination of the allegations set forth in the body
of the complaint.  See Scipar Inc. v. Chubb Corp., 2010 WL
3894982, *2 (W.D.N.Y. Sept. 30, 2010) (where the court determined
the proper party, based on the plaintiff's intentions, apparent
in the complaint).  Although "an improper defendant is indicated
in the caption, we may consider a complaint to have named the
proper defendant 'if the allegations made in the body of the
complaint make it plain that the party is intended as a
defendant.'"  Barsten v. Dept. of the Interior, 896 F.2d 422 (9th
Cir. 1990).  Once the proper party is identified, the court may
turn to the substantive legal issues in the case.

If the limitations period has run, a court need not consider
other arguments of the defendants in order to dismiss an action.
See Barber v. Fox, 632 N.E.2d 1246, 1247 n.2 (Mass.App.Ct. 1994).
Statutes of limitations serve as a means "to assure fairness to

8

defendants." Corliss v. City of Fall River, 397 F.Supp.2d at
267. A limitations period encourages justice by preventing the
revival of old claims. Id. at 267-68. "Moreover, the courts
ought to be relieved of the burden of trying stale claims when a
plaintiff has slept on his rights." Id. at 268.

Where, as here, jurisdiction is by diversity, Massachusetts
law applies. See Zamboni v. Aladan Corp., 304 F.Supp.2d 218, 221
(D.Mass. 2004); accord Stone & Webster Engineering Corp. v. First
Nat. Bank & Trust Co. of Greenfield, 184 N.E.2d 358, 361 (Mass.
1962); Clarke v. Pierce, 102 N.E. 1094, 1094 (Mass. 1913). Under
the Uniform Commercial Code ("UCC") regarding bank statements, a
banking customer has a duty to discover and report any
unauthorized[5] signatures or endorsements to the bank within one
year.[6] See Mass. Gen. L. ch. 106, § 4-406 ("section 4-406"). As
stated in section 4-406, "A customer who does not within one year
. . . discover and report the customer's unauthorized signature .
. . is precluded from asserting [it] against the bank." Id.
Plaintiff complied with section 4-406 by notifying First Union of
the unauthorized endorsements in 1998. Plaintiff seeks to

---

[5] An unauthorized endorsement describes both missing
endorsements and forged endorsements. See Arkwright Mut. Ins.
Co. v. State Street Bank & Trust Co., 703 N.E.2d at 219.

[6] The drafters of the UCC created this time limit to ensure
finality in check fraud litigation. See Mass. Gen. L. ch. 106, §
4-406(f); Arkwright Mut. Ins. Co. v. State Street Bank & Trust
Co., 703 N.E.2d at 220.

recover these funds because, "The drawer has a right to insist that the drawee recredit his account with the amount of any unauthorized payment." Stone & Webster Engineering Corp. v. First Nat. Bank & Trust Co., 184 N.E.2d at 363.

Massachusetts law sets a six year limitations period for a breach of contract claim which begins after "the [cause of action] accrues." Mass. Gen. L. ch. 260, § 2; see also Cambridge Plating Co., Inc. v. Napco, Inc., 991 F.2d 21, 23 (1st Cir. 1993). A claim is considered a contract claim if "the 'gist of the action' is contractual" and in such circumstances "the contract period of limitations applies to each claim." Barber v. Fox, 632 N.E.2d at 1248. In some situations, "however, when the gravamen of the complaint is that the defendant caused the plaintiff personal injury" a shorter limitations period of three years applies. See Pagliuca v. City of Boston, 626 N.E.2d 625, 628 (Mass.App.Ct. 1994); see also Mass. Gen. L. ch. 260, § 2-2A.

The limitations defense is an affirmative defense where the initial burden of proof rests on the defendants. See Fay v. Aetna Life Ins. & Annuity Co., 307 F.Supp.2d 284, 290 (D.Mass. 2004). The defendants must demonstrate that "the causes of action 'accrued' outside the limitations period, and then establish that the running of the statute of limitations was not tolled." Id. at 293. The burden thereafter shifts to the plaintiff to prove the "claim is not time barred." Zamboni v.

Aladan Corp., 304 F.Supp.2d at 223; accord Breen v. Burns, 182
N.E. 294, 296 (Mass. 1932).  In order to discern whether the
plaintiff has met the burden, "the Court must make the
determination whether the plaintiff has established . . . '(1)
knowledge or sufficient notice that she was harmed by defendant
and (2) knowledge or sufficient notice of what caused that
harm.'"  Shahzade v. Gregory, 930 F.Supp. 673, 675 (D.Mass.
1996); see Fay v. Aetna Life Ins. & Annuity Co., 307 F.Supp.2d at
290.

While Massachusetts law sets out a six year statute of
limitations for breach of contract claims, "determining when
claims accrue 'has long been the product of judicial
interpretation.'"  Cambridge Plating Co., Inc. v. Napco, Inc.,
991 F.2d at 25.  When a cause of action arises for breach of
contract, it accrues at the time of the breach.  See Berkshire
Mut. Ins. Co. v. Burbank, 664 N.E.2d 1188, 1189 (Mass. 1996);
Boston Towboat Co. v. Medford Nat. Bank, 121 N.E. 491, 493 (Mass.
1919).  "Prior to the time when the contract is violated there is
no justiciable controversy, and it would be illogical to let the
statute of limitations for bringing an action begin to run before
the action can be brought."  Berkshire Mut. Ins. Co. v. Burbank,
664 N.E.2d at 1189.

The "discovery rule" is a "judicially created tool for
ensuring fairness" and it stipulates that, "'a cause of action

11

does not accrue until a plaintiff discovers, or reasonably should have discovered, that she may have been injured as a result of the defendant's conduct.'" Cambridge Plating Co., Inc. v. Napco, Inc., 991 F.2d at 25; see Mass. Gen. L. ch. 260, § 1; see, e.g., Fay v. Aetna Life Ins. & Annuity Co., 307 F.Supp.2d at 290; Arkwright Mut. Ins. Co. v. State Street Bank & Trust Co., 703 N.E.2d at 219; Bowen v. Eli Lilly & Co., Inc., 557 N.E.2d 739, 741 (Mass. 1990).  The purpose of the discovery rule is to assess "when a cause of action accrues, and thus when the statute of limitations starts to run." Bowen v. Eli Lilly & Co., Inc., 557 N.E.2d at 741; accord Zamboni v. Aladan Corp., 304 F.Supp.2d at 224.  The burden lies on the plaintiff to show that the discovery rule applies.  See Zamboni v. Aladan Corp., 304 F.Supp.2d at 224.

The statute of limitations may be extended on the basis of fraudulent concealment.  See Fay v. Aetna Life Ins. & Annuity Co., 307 F.Supp.2d at 291 n.19 (noting that where there is a duty of full disclosure to the plaintiff and information is withheld, the limitations period is tolled until the plaintiff discovers the information); accord Stetson v. French, 72 N.E.2d 410, 411-12 (Mass. 1947) (stating that in a breach of contract action, fraudulent concealment delays the start of the limitations period).  In such circumstances, "the period prior to the discovery of his cause of action . . . shall be excluded in determining the time limited for the commencement of the action."

Mass. Gen. L. ch. 260, § 12.  Although "ordinarily mere silence
is not fraudulent concealment," there are occasions in which
"mere failure to reveal may be fraudulent where there is a duty
to reveal."  <u>Stetson v. French</u>, 72 N.E.2d at 412.

The complaint states that Wells Fargo owes plaintiff $88,000
as promised by First Union, the "financial institution, which
defendants acquired," for unauthorized endorsements drawn on the
joint account.  (Docket Entry # 2).  The complaint also states
that Wells Fargo fraudulently concealed information from
plaintiff regarding efforts to recover funds from Fleet.  (Docket
Entry # 2).  In pertinent part, the complaint states that Wells
Fargo's recovery efforts halted with the "reply it had received
from Fleet Bank questioning Plaintiff's ownership rights in the
brokerage account."  (Docket Entry # 2).  The complaint states
that this "allegation could have been quickly and easily refuted"
by sharing this information with the plaintiff.  (Docket Entry #
2).

It is evident in the body of the complaint that the intended
defendant is Wells Fargo Bank, N.A. due to the description
"successor in interest to First Union National Bank, N.A."
combined with the information presented in the corporate
disclosure statement.  (Docket Entry ## 2 & 7).  The complaint
explicitly refers to the defendant as the financial institution
which acquired First Union.  According to the corporate

13

disclosure statement, this institution is Wells Fargo Bank, N.A., not the bank holding company and parent corporation, Wells Fargo & Company.  (Docket Entry # 7).  Thus, Wells Fargo Bank, N.A. is the correct party to this suit instead of Wells Fargo & Company.

While the details provided in the complaint are specific in nature, they do not demonstrate an express contract with Wells Fargo.  A breach of contract action is not referenced by plaintiff until the memorandum of opposition to the motion to dismiss.  (Docket Entry # 14).  Whether the complaint adequately sets forth an implied contract between the parties need not be addressed because the claim will still fail under the statute of limitations for breach of contract actions.

Plaintiff attempts to set forth a valid breach of contract claim against Wells Fargo and contends that the breach occurred when Wells Fargo denied the demand for recovery of the funds. The complaint concedes that plaintiff became aware of the breach on February 4, 2003, upon receiving the letter from Wells Fargo dated January 29, 2003.  (Docket Entry # 2, Ex. 9).  The statute of limitations for the breach of contract claim began to run on this date because plaintiff was aware of the $88,000 loss and that Wells Fargo caused that loss by First Union's refusal to pay the $88,000.  See Shahzade v. Gregory, 930 F.Supp. 673, 675 (D.Mass. 1996); see also Fay v. Aetna Life Ins. & Annuity Co., 307 F.Supp.2d at 290.  As in Fay, the limitations period began

14

once plaintiff was aware of a breach in a contractual duty and not at the time of personal injury. The letter of denial was further supplemented by two additional letters from Wells Fargo repeating that recovery was denied. (Docket Entry # 2, Ex. 10 & 16).

Though the complaint illustrates that plaintiff refused to accept these negative responses as valid, sufficient facts are not provided to justify waiting for the fourth denial on December 31, 2003, for plaintiff to recognize a breach of contract. As demonstrated in Zamboni, it is enough to have notice of the breach even if plaintiff cannot comprehend the full extent of the injury. Thus, even assuming that the complaint properly set out a breach of contract claim, plaintiff cannot succeed because the action was filed after the six year statute of limitations period expired.

The complaint demonstrates that plaintiff became aware of fraudulent concealment no later than December 18, 2003. (Docket Entry # 2). This court need not determine whether Wells Fargo fraudulently concealed its recovery efforts from plaintiff. Even if fraudulent concealment did cause the tolling of the statute of limitations, the tolling would only occur up to December 18, 2003. On that date, plaintiff acknowledges awareness of the fraudulent concealment in a letter to First Union. (Docket Entry # 2, Ex. 17). The six year limitations period began no later

15

than December 18, 2003, and expired six years later, a date prior to the December 31, 2009, filing of the complaint.

Viewing the allegations set forth in the complaint in the light most favorable to plaintiff assumes that a proper breach of contract action was set out and that Wells Fargo fraudulently concealed information from plaintiff that it had a duty to reveal.  Even so, at the latest the statute of limitations period expired by December 18, 2009, thereby barring this breach of contract action as to Wells Fargo.

## CONCLUSION

In accordance with the foregoing discussion, the motion to dismiss (Docket Entry # 11) is **ALLOWED**.  The complaint is dismissed as to Wells Fargo.  Remaining parties shall appear for a status conference on November 19, 2010 at 2:30 PM.


  /s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge

16